

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2009

# USA v. Rohan Reid

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3085

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Rohan Reid" (2009). *2009 Decisions.* Paper 1151.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1151

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3085
_____

UNITED STATES OF AMERICA

v.

ROHAN REID,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3:07-CR-00026-001)
District Judge: Honorable James M. Munley

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 19, 2009


Before: FUENTES, JORDAN  and NYGAARD, Circuit Judges.

(Opinion Filed: June 23, 2009 )



_____


OPINION OF THE COURT

_____



FUENTES, Circuit Judge:


1

Appellant Rohan Reid ("Reid") challenges the Order of the United States District Court for the Middle District of Pennsylvania denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Reid originally pleaded guilty to possession with intent to distribute cocaine base on May 21, 2007. A pre-sentence report concluded that Reid's offense level was 25 and that his criminal history category was III, resulting in an advisory Sentencing Guidelines range of 70 to 87 months in prison. At the request of Reid's counsel, the District Court imposed a below-Guidelines sentence of 63 months in prison. Reid later filed a motion under 18 U.S.C. § 3582(c)(2) for further reduction based on an amendment to the crack cocaine guidelines. The District Court denied this relief, stating that further reduction was not warranted, and Reid appealed. Because we find that the sentence was non-guideline and that the District Court properly exercised its discretion to deny additional relief pursuant to § 1B1.10 of the Sentencing Guidelines, we affirm.

## I. Jurisdiction and Standard of Review

We have jurisdiction to review the District Court's denial of Reid's § 3582(c)(2) motion under 28 U.S.C. § 1291 and 28 U.S.C. § 3742(a). We review the District Court's decision not to grant Reid's motion for sentence reduction for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). In this case, the District Court's application of the Sentencing Guidelines is factually based. Therefore, unless we find that the conclusion of the District Court was clearly erroneous, we will affirm. United States

v. Ortiz, 878 F.2d 125, 127 (3d Cir. 1989).

## II. Background

Because we write only for the parties, we discuss only those facts relevant to our conclusion. In January 2007, Drug Enforcement Administration agents, state troopers, and police began an investigation into drug trafficking in Wilkes-Barre, Pennsylvania. During that month, law enforcement officials made two undercover purchases of crack cocaine from Reid and also executed a search warrant and seized drugs, firearms, and ammunition. Reid was arrested and confessed to both distribution of cocaine and possession of firearms.

On January 23, 2007, a federal grand jury indicted Reid on counts of distribution and possession with intent to distribute cocaine base, as well as on one count of firearm possession as a convicted felon. On May 21, 2007, he pleaded guilty to possession with intent to distribute cocaine base. A pre-sentence report concluded that Reid's offense level was 25, and that his criminal history category was III, resulting in an advisory Guidelines range of 70 to 87 months. While Reid did not object to the report, he argued for a variance from the Sentencing Guidelines based on the crack-powder disparity and the then-pending two-level reduction for crack cocaine offenses, an amendment to the Guidelines that was to become effective later in 2007. His counsel requested a variance to at least 57-71 months, which would take into account both the disparity factor and the anticipated reduction factor. In accordance with this request, the District Court imposed a

3

non-guideline 63-month prison sentence.

On April 16, 2008, Reid filed a motion for relief under 18 U.S.C. § 3582(c)(2), asking the court to further reduce his sentence based on the crack cocaine amendment to the Guidelines. On July 10, 2008, the District Court issued an order denying the relief, on the grounds that after handing down a non-guideline sentence, "a further reduction is not warranted." From this order, Reid appeals.

## III. Discussion

Reid contends that the District Court's denial of his motion was improper for two reasons. First, he asserts that the sentence the District Court imposed was in fact a Guidelines sentence, and that the sentence was "based on" a range that has subsequently been lowered by the Sentencing Commission. Second, he argues that the District Court treated U.S.S.G. § 1B1.10(b)(2)(B) as mandatory when, in fact, it is an advisory policy statement.

We agree with the Government that since the Guidelines at the time of sentencing provided for 70 to 87 months in prison, and that Reid's sentence was 63 months in prison, the sentence received was a non-guideline sentence pursuant to the factors enumerated in 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005). Therefore, it will not be necessary to reach Reid's argument that his sentence was "based on" the subsequently lowered sentencing range. In light of our decision in United States v. Doe, 564 F.3d 305 (3d Cir. 2009), and concluding that the District Court correctly found

4

Reid's sentence to be a non-guideline sentence, we also reject Reid's second argument that the District Court erred in its application of U.S.S.G. § 1B1.10. Although the Government incorrectly argues that the District Court's treatment of § 1B1.10 was advisory, we will not address that argument here, as it does not figure in the outcome of this appeal.

A.

Reid received a sentence of 63 months in prison based on crack cocaine guidelines providing for 70 to 87 months in prison based on factors enumerated in 18 U.S.C. § 3553(a) and on Booker. Therefore, pursuant to U.S.S.G. § 1B1.10(b)(2)(B), Reid's sentence was non-guideline. While Reid argues that his sentence was based on a Guidelines range that was subsequently lowered, the sentence he received was below the range of the subsequently lowered guidelines, and the District Court properly treated Reid's sentence as non-guideline. Consequently, its discretion to grant further reduction was subject to the policy statement of § 1B1.10(b)(2)(B) that "a further reduction would generally not be appropriate." U.S.S.G. § 1B1.10.

B.

Since we conclude that the District Court was correct in ruling that the sentence Reid received was non-guideline, we next consider his contention that the District Court erred in treating the policy statement in U.S.S.G. § 1B1.10 as mandatory. Reid is correct

in arguing that United States v. Booker, 543 U.S. 220 (2005), requires that the Guidelines be treated as advisory for sentencing purposes. Since the time at which the parties filed their briefs, however, we decided United States v. Doe, 564 F.3d 305 (3d Cir. 2009), and therein joined the Tenth, Eighth, and Fourth Circuits in holding that the mandatory treatment of the Sentencing Guidelines is not inconsistent with Booker for purposes of sentence modifications under § 3582(c)(2). Doe, 564 F.3d at 313-14.  Since the District Court properly determined that it had given Reid a non-Guidelines sentence, it was required to treat U.S.S.G. § 1B1.10 as mandatory for the purposes of sentence modification. The District Court is therefore bound by the policy statement in U.S.S.G. § 1B1.10, although it remains free under the terms of that section to grant § 3582(c)(2) motions when circumstances warrant further reduction. Here, the District Court used its discretion to conclude that circumstances did not warrant further reduction of Reid's non-guideline sentence, and based on that judgment, followed the policy statement that "further reductions are generally not appropriate." We conclude that the treatment of § 1B1.10 of the Sentencing Guidelines as mandatory, as required by Doe, is not in violation of either Booker or Kimbrough for the purposes of sentence modifications, and that the District Court did not abuse its discretion in denying Reid's s 3582(c)(2) motion.

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of the District Court as to Reid's motion for sentence reduction. So ordered.