UNITED STATES of America

v.

**Damarx Ali HINTON, Appellant.**

No. 08–2729.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Oct. 2, 2009.

Filed: Oct. 29, 2009.

John J. McCann, Esq., Office of United
States Attorney, Williamsport, PA, for
United States of America.

Elliot M. Cohen, Esq., Louis T. Savino
& Associates, Philadelphia, PA, for Appellant.

Before: MCKEE, CHAGARES, and
NYGAARD, Circuit Judges.

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Appellant Damarx Hinton appeals from
the District Court's denial of his motion to
reconsider its order denying his motion for
reduction of sentence. For the reasons set
forth below, we will affirm

I.

Because we write only for the parties,
we will only briefly summarize the essential facts.

Hinton pleaded guilty to possession with
intent to distribute more than 50 grams of
cocaine base (also known as "crack cocaine"), in violation of 21 U.S.C.
§ 841(a)(1), and for aiding and abetting, in
violation of 18 U.S.C. § 2. The District
Court determined that the applicable United States Sentencing Guidelines range was
188 to 235 months of imprisonment and
sentenced Hinton to a term of 188 months
of imprisonment. Hinton appealed, and
this Court affirmed. He then filed a motion to vacate his sentence, and the District Court denied the motion.

Subsequently, Guidelines Amendment
706 took effect. It modified the Guidelines
ranges applicable to crack cocaine offenses
including Hinton's. Under Amendment

706, the low end of Hinton's Guidelines range would be 151 months (rather than 188).

In light of Amendment 706, Hinton filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). The District Court granted the motion and reduced Hinton's prison term to 151 months. Hinton then filed a motion for reconsideration, arguing that the District Court erred in failing to allow him to present evidence in support of an even greater reduction. The District Court denied the motion, and Hinton filed this appeal.

## II.

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's legal interpretation of relevant statutes and Guidelines, and we review for abuse of discretion the District Court's ultimate ruling on a motion to reduce a sentence pursuant to § 3582(c)(2). *See United States v. Mateo,* 560 F.3d 152, 154 & n. 2 (3d Cir. 2009).

Section 3582(c)(2) grants a district court discretion to reduce the prison term of a defendant who "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." Such a reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). The "applicable policy statement[ ]" here is U.S.S.G. § 1B1.10(b). That statement instructs the district court to compute an amended Guidelines range by "substitut[ing] only [Amendment 706] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected," § 1B1.10(b)(1), and then (with exceptions not relevant here) prohibits the district court from "reduc[ing] the defendant's term of imprisonment under . . . § 3582(c)(2) . . . to a term that is less than the minimum of th[at] amended guideline range," § 1B1.10(b)(2)(A). Thus, the text of § 3582(c)(2) and § 1B1.10(b) plainly prohibited the District Court from reducing Hinton's prison term any lower than it did—to 151 months, the low end of the amended Guidelines range.

Hinton argues that this restriction is advisory, not mandatory, in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In his view, the District Court therefore erred in failing to allow him to present evidence in support of a further sentence reduction (below the 151 months the District Court ultimately imposed).

This is argument is meritless. *Booker* did not give the District Court the authority to impose a sentence lower than 151 months—the low end of the amended Guidelines range. *See United States v. Doe,* 564 F.3d 305, 314 (3d Cir.2009) ("Nothing in *Booker* purported to obviate the congressional directive in § 3582(c)(2) that a sentence reduction pursuant to that section be consistent with Sentencing Commission policy statements."). Therefore, the District Court did not err in failing to allow Hinton to present evidence in support of a further reduction.

## III.

For the above reasons, we will affirm the judgment of the District Court.