OPINION OF THE COURT
FUENTES, Circuit Judge:
Appellant Michael Jones pled guilty to a number of offenses involving cocaine base (“crack”). As he had a prior felony drug conviction, he was subject to a statutory mandatory minimum sentence of twenty years. He also faced a concurrent five-year mandatory minimum sentence for use of a firearm in furtherance of drug trafficking. At sentencing, based on the substantial assistance provided by Jones, the government moved for a downward departure under U.S.S.G. § 5K1.1 and for a departure from the mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e). The District Court granted the motion and sentenced Jones to 72 months’ imprisonment. Thereafter, Jones filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that he was entitled to resentencing based on a recent amendment to the Sentencing Guidelines that lowered the base offense levels applicable to crack offenses. The District Court denied the motion, holding that Jones was ineligible for a sentence reduction as he was sentenced based on the statutory mandatory minima, not based on the crack Guidelines range. For the reasons that follow, we will affirm the District Court.[1]
I.
Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of the case.
On September 15, 2005, appellant Michael Jones pled guilty to one count of conspiracy to distribute crack and marijuana (Count 1); two counts of distribution of *731 marijuana (Counts 6 and 7); one count of distribution of crack (Count 9); one count of possession of crack with intent to distribute (Count 12); one count of possession with intent to distribute crack within 1,000 feet of a school (Count 18); one count of possession of a firearm by a convicted felon (Count 20); and one count of use of a firearm in furtherance of drug trafficking (Count 21). Prior to Jones’s guilty plea, the government filed a notice of a prior felony drug conviction pursuant to 21 U.S.C. § 851, which increased the statutory mandatory minimum sentence on the conspiracy and crack counts (Counts 1, 9, and 12) to twenty years. Jones also faced a consecutive mandatory minimum five-year sentence for Count 21, use of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c).
At the sentencing hearing, the District Court calculated that Jones had an adjusted total offense level of 33 and was in criminal history category II, resulting in a Guidelines range of 151 to 188 months’ imprisonment. The application of the statutory mandatory minima increased the sentence to 240 months’ imprisonment on the conspiracy and crack offenses followed by 60 months on the § 924(e) offense, for a total sentence of 300 months’ imprisonment. The District Court granted the government’s motion for a downward departure under U.S.S.G. § 5K1.1 and for a departure from the mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e) and imposed a total sentence of, inter alia, 72 months’ imprisonment.
On May 23, 2008, Jones filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) on the ground that a recent amendment to the Sentencing Guidelines lowered the base offense levels applicable to crack offenses.[2] The District Court denied Jones’s § 3582(c)(2) motion. In appealing that denial, Jones asserts that the District Court erred in the following ways: (1) allowing U.S.S.G. § 1B1.10 to control its interpretation of 18 U.S.C. § 3582(c)(2); (2) holding that, due to the mandatory minima, Jones’s sentence was not “based on a sentencing range that has subsequently been lowered”; and (3) failing to consider the rule of lenity in its decision.
II.
In relevant part, 18 U.S.C. § 3582(c)(2) provides:
[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
In a decision filed after Jones filed his brief on appeal, United States v. Doe, 564 F.3d 305 (3d Cir.2009), we interpreted the language of § 3582(c)(2) and rejected each of the arguments that Jones raises in his brief. In all material and relevant aspects, the factual and procedural history of Doe is identical to that of the instant case. *732 Specifically, the appellants in Doe pled guilty to offenses involving crack, were granted significant substantial-assistance departures below the statutory mandatory minimum sentence, filed motions for sentence reductions pursuant to § 3582(c)(2), and were denied relief. Id. at 307.
In affirming the denial of the sentence reduction motions in Doe, we held that “[i]n providing that sentence reductions must be consistent with applicable Sentencing Commission policy statements, § 3582(c)(2) creates a jurisdictional bar to sentence modification when a retroactive amendment does not have the effect of lowering the Guideline sentence.” Id. at 315. Thus, in the context of § 3582(c)(2) proceedings, “the Commission’s policy statements implementing retroactive sentence reduction are binding.” Id. at 310. In Doe, we concluded that as a mandatory minimum sentence “subsume[s]” the initial Guidelines range, the crack amendment to the Sentencing Guidelines did not “have the effect of lowering the Appellants’ applicable Guideline ranges because the mandatory mínimums were unaffected by [the amendment].” Id. at 312. As a result, the district court was barred from reducing appellants’ sentences under § 3582(c)(2). Id,.
Appellants in Doe further argued that the rule of lenity applied in their favor. We held that the rule of lenity was inapplicable, concluding that while “the phrases ‘based on’ and ‘the effect of lowering the defendant’s applicable guideline range’ need to be interpreted, ... they do not contain such an ambiguity that the Comb can make no more than a guess as to what Congress intended.” Id. at 315.
The reasoning and result in Doe are controlling in the instant case. Accordingly, we will affirm the District Court’s denial of Jones’s § 3582(c)(2) motion.
III.’
For the foregoing reasons, we affirm the District Court’s denial of Jones’s motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over an issue of statutory interpretation. United States v. Doe, 564 F.3d 305, 307 n. 2 (3d Cir.2009).

. "On November 1, 2007 ... the United States Sentencing Commission passed Amendment 706, which changed U.S.S.G. § 2D 1.1 by lowering the base offense levels for most quantities of crack cocaine by two levels. On December 11, 2007, the Sentencing Commission made Amendment 706 retroactive by including it in the list of retroactive amendments in § IB 1.10(c) of the Guidelines.” Doe, 564 F.3d at 308 (internal citations omitted).