UNITED STATES of America,

v.

George W. REDDICK, Appellant.

No. 09–1617.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on Oct. 2, 2009.

Opinion filed: March 22, 2010.

Christy H. Fawcett, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Ronald A. Krauss, Esq., Thomas A. Thornton, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: AMBRO, GARTH and ROTH, Circuit Judges.

### OPINION

ROTH, Circuit Judge:

George Reddick appeals his sentence of 151 months imprisonment after pleading guilty to possession with intent to distribute crack cocaine and powder cocaine, in violation of 21 U.S.C. § 841(a)(1). Reddick alleges that the District Court erred by denying his motion for a sentence reduction under § 3582(c)(2) and by improperly treating a Sentencing Commission policy statement as mandatory. Reddick's appeal is for the sole purpose of preserving the issues.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision concerning a motion to reduce sentence under § 3582(c)(2) for abuse of discretion. *United States v. Mateo,* 560 F.3d 152, 154 (3d Cir.2009).

Reddick first contends that the District Court erred in denying him a sentence reduction based on his status as a career offender. However, a defendant who is sentenced as a career offender "may not seek reduction in sentence under § 3582(c)(2)." *Mateo,* 560 F.3d at 155. Therefore, the District Court properly denied Reddick's motion.

Reddick next asserts that the District Court improperly treated a Sentencing Commission policy statement contained in section 1B1.10 of the Sentencing Guidelines as mandatory. However, we have previously held that "U.S.S.G. § 1B1.10 is binding on the District Court pursuant to § 3582(c)(2)." *United States v. Doe,* 564 F.3d 305, 314 (3d Cir.2009). Accordingly, the District Court did not abuse its discretion in treating the policy statement as mandatory.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.