NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2862
_____

UNITED STATES OF AMERICA

v.

ERIC MORRIS,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 08-cr-438)
District Judge: Hon. Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2010

Before:   RENDELL, JORDAN and GREENAWAY, JR., *Circuit Judges*.

(Filed: July 19, 2010)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

On February 4, 2009, Eric Morris pled guilty to possession of child pornography in

violation of 18 U.S.C. § 2252A(a)(5)(B) before the United States District Court for the

Middle District of Pennsylvania.  Morris was sentenced to 60 months' imprisonment and

10 years' supervised release. As required by 18 U.S.C. § 3583(d), the District Court ordered that Morris register and otherwise comply with the requirements contained in the Sex Offender Registration and Notification Act ("SORNA"), *see* 42 U.S.C. § 16913(a), as a condition of his supervised release. Morris appeals from his sentence, arguing that the imposition of that mandatory condition violates the Supreme Court's dictate in *United States v. Booker*, 543 U.S. 220 (2005), namely, that the United States Sentencing Guidelines be applied in an advisory rather than mandatory fashion. For the following reasons, we will affirm.

## I.    Background

Because the parties are familiar with the factual background of this case, we will describe only the facts necessary to explain our decision. In July 2008, the Pennsylvania state police conducted an undercover investigation into the use of computerized networks to distribute and receive child pornography. During that investigation, they traced the identity of one of the network's users to a person residing at the home that Morris shared with his parents. On July 16, police obtained a search warrant for Morris's home. After finding Morris at his computer attempting to delete files, they seized his computer monitor, and observed several "pop-up" screens with images of child pornography on them. Investigators then interviewed Morris, who admitted to using his personal computer to receive and possess images of child pornography. A subsequent analysis of Morris's computer revealed 4,199 images of child pornography and 389 video clips.

2

On December 10, 2008, a grand jury returned a three-count indictment against Morris, charging him with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B) (Count I), receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B) (Count II), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count III). On February 4, 2009, pursuant to a plea agreement, Morris pled guilty to Count III of the indictment.

A presentence report was prepared, and, according to its Sentencing Guideline calculations, Morris's total offense level was 30. He had 13 criminal history points, which translated into a criminal history category of IV. His resulting Guidelines range was 120 months, after taking into account the 10-year statutory maximum. Under the heading "Standard and Mandatory Conditions of Supervision," the report stated that Morris "shall comply with the registration requirements of ... [SORNA]."[1] (PSR ¶ 62.) Morris did not object to that statement, nor did he argue in his sentencing memorandum that he should not be required to register under SORNA.[2] On June 16, 2009, the District

[1] Under SORNA,

> [a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

42 U.S.C. § 16913(a).

[2] Morris's conviction is clearly one requiring registration under SORNA. 42 U.S.C. § 16911(3)(B)(iii) and (7)(G).

3

Court sentenced Morris to 60 months' imprisonment, 10 years' supervised release, a $900

fine and a $100 special assessment. Again, without any objection from Morris, the

District Court ordered Morris to comply with SORNA's registration requirements as a

condition of his supervised release. On June 24, 2009, Morris appealed from his

sentence.

## II.    Discussion[3]

Morris concedes that he is required to register as a sex offender under SORNA.

He also concedes that 18 U.S.C. § 3583(d) mandates that the District Court impose as a

condition of his supervised release that he comply with SORNA. Thus, his sole argument

on appeal is that such a mandatory condition violates *Booker's* dictate that the United

States Sentencing Guidelines be applied in an advisory fashion. *Booker*, of course,

applies to the Sentencing Guidelines, not federal statutes, such as SORNA, but Morris's

argument seems to be as follows: U.S.S.G. § 5D1.3(a)(7) implements 18 U.S.C.

§ 3583(d) in that it mandates that a district court impose the condition set forth in 18

U.S.C. § 3583(d). Therefore, the argument continues, U.S.S.G. § 5D1.3(a)(7) is a

mandatory rather than an advisory Guideline, and thus violates *Booker*'s dictate that the

Sentencing Guidelines be applied in an advisory fashion.

---

[3]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review a district court's imposition of a condition of supervised release for abuse of discretion. *United States v. Crandon*, 173 F.3d 122, 127 (3d Cir. 1999). Here, however, Morris did not object to the District Court's imposition of the condition requiring registration under SORNA. Thus, we review only for plain error. *See United States v. Heckman*, 592 F.3d 400, 404 (3d Cir. 2010) ("When, as in this case, no objection was made to the conditions imposed by the Court at the sentencing hearing, its decision is reviewed for plain error." (quotations omitted)).

A district court is statutorily required to "order, as an explicit condition of supervised release for a person required to register under [SORNA], that the person comply with the requirements of that Act." 18 U.S.C. § 3583(d). The Sentencing Guidelines similarly mandate that a sex offender register under SORNA in the applicable state registry. U.S.S.G. § 5D1.3(a)(7)(B). Here, the District Court did as the statute demands. That U.S.S.G § 5D1.3(a)(7) mirrors § 3583(d) by mandating that a sentencing court impose that condition does not make the District Court's action a violation of *Booker*. As we have already explained, while "[t]he Guidelines are no longer mandatory [after *Booker*], ... that does not render optional statutory directives." *United States v. Doe*, 564 F.3d 305, 314 (3d Cir. 2009) (quotations omitted). Indeed, as the government points out, if Morris's argument were accepted, "no statutory mandatory minimum sentence would be enforceable ... [because,] as soon as the Sentencing Commission enacts a guideline implementing such statutes, compliance with such guideline becomes

5

violative of *Booker*." (Appellee's Ans. Br. at 12.) Accordingly, it was no abuse of discretion to require Morris to comply with SORNA, and it was certainly not plain error to do so.[4]

### III. Conclusion

For the foregoing reasons, we hold that the District Court's requirement that Morris comply with SORNA as a condition of supervised release does not violate the ruling in *Booker*. We thus will affirm the sentence imposed by the District Court.

---

[4]Moreover, as the government notes, if Morris were to fail to comply with SORNA's registration requirements, he would be committing a criminal offense. *See United States v. Shenandoah*, 595 F.3d 151, 155 (3d Cir. 2010) (explaining SORNA's criminal penalties). Thus, Morris's "duty to register and his exposure to ... criminal penalties for failure to register would persist even absent [the] explicit condition" of supervised release imposed by the District Court. (Appellee's Ans. Br. at 14.)