OPINION
PER CURIAM.
Lydia Cooper, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania denying her motion to reduce her sentence under 18 U.S.C. § 3582(c)(2). We will affirm.
In September 2004, Cooper pleaded guilty to conspiracy to distribute and possess with intent to deliver cocaine base. See 21 U.S.C. § 846. Because she had two prior drug felony convictions, Cooper’s base offense level was determined using the career offender Guidelines, U.S.S.G. § 4B1.1, rather than U.S.S.G. § 2D1.1. Under the career offender Guidelines, she was assigned an offense level of 29 and a criminal history category of VI, resulting in a Guidelines range of 151 to 188 months of imprisonment. Id. The government moved for a downward departure for substantial assistance under U.S.S.G. § 5K1.1, recommending a seven-level departure to a Guidelines range of 84 to 105 months of imprisonment. The District Court granted the government’s motion and imposed a prison sentence of 105 months. We affirmed her sentence on direct appeal. See United States v. Cooper, 437 F.3d 324 (3d Cir.2006). Cooper next filed a motion pursuant to 28 U.S.C. § 2255. The District Court denied the motion and we declined to issue a certificate of appealability. See United States v. Cooper, C.A. No. 08-2584.
Cooper then filed a pro se motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction, based on Amendment 706 to the Sentencing Guidelines, which generally reduced by two levels the base offense level for crack cocaine offenses. The District Court denied the motion, and this appeal followed. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a district court’s interpretation of the Guidelines is de novo. See United States v. Sanchez, 562 F.3d 275, 277-78 (3d Cir.2009). We review a court’s ultimate determination of a defendant’s motion to reduce *258 sentence under § 3582(c)(2) for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 & n. 2 (3d Cir.2009).
A District Court may reduce a term of imprisonment under § 3582(c)(2) “only when two elements are satisfied: First, the defendant must have been ‘sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission;’ and second, the sentence reduction must be ‘consistent with applicable policy statements issued by the Sentencing Commission.’ ” United States v. Doe, 564 F.3d 305, 309 (3d Cir.2009). The applicable policy statement provides that a sentence reduction is not authorized if the retroactive amendment “does not have the effect of lowering the defendant’s applicable guideline range.” U.S.S.G. § lB1.10(a)(2). In this regard, “the policy statement and § 3582(c)(2) are complementary.” Doe, 564 F.3d at 310.
In Mateo, we held that crack cocaine amendments will not lower the applicable Guidelines sentencing range under U.S.S.G. § 4Bl.l(b) for career offenders. Mateo, 560 F.3d at 154-55. This is because “Amendment 706 only affects calculation under § 2Dl.l(c), and the lowering of the base offense level under § 2Dl.l(c) has no effect on the application of the career offender offense level required by § 4B1.1.” Id. at 155. Because Cooper was sentenced as a career offender, the crack cocaine amendments do not affect her applicable sentencing range.[1] Therefore, she may not seek a reduction in her sentence pursuant to § 3582(c)(2), and the District Court did not err in denying her motion to reduce her sentence.
We shall affirm the judgment of the District Court.[2]

. Cooper raises for the first time on appeal the argument that she should not have been treated as a career offender because her two prior convictions should have been considered consolidated pursuant to the 1990 version of the Sentencing Guidelines. This argument was not raised before the District Court and is therefore waived.

. Cooper's motion to strike the government's brief is denied.