**UNITED STATES of America**

v.

**Kurt FIGARO a/k/a "Tony" a/k/a Donnell Constantine a/k/a Anthony Constantine a/k/a "Boy" a/k/a "Dread"**

**Kurt Figaro, Appellant.**

**No. 05–3341.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) April 8, 2008.

Filed: April 11, 2008.

George J. Rocktashel, Office of United States Attorney, Williamsport, PA, for United States of America.

Stephen C. Smith, Lock Haven, PA, for Appellant.

Before: SMITH, HARDIMAN, and COWEN, Circuit Judges.

## OPINION

SMITH, Circuit Judge:

With this appeal, Kurt Figaro raises three claims of error. First, he argues that the District Court sentenced him in violation of the Ex Post Facto and Due Process Clauses of the United States Constitution. Second, he contends that the District Court improperly applied a preponderance of the evidence standard in determining the applicability of certain Sentencing Guidelines enhancements. Third, he challenges the reasonableness of the sentence the District Court imposed on him. Because the parties and the District Court are familiar with the operative facts of this case, we offer only an abbreviated recitation to explain why we will affirm.[1]

### I.

On November 17, 2001, Pennsylvania State Police effected a traffic stop of a Toyota Corolla and discovered crack cocaine in the stopped vehicle. Through subsequent investigation, the State Police learned that the occupants of the vehicle were bound for Altoona, Pennsylvania, and that the drugs were being transported at the behest of Figaro. According to the testimony at trial, this was one of many trips of its kind associated with Figaro's management of a significant operation involving transportation of drugs from New York and Connecticut for distribution in Altoona, and guns and ammunition from Altoona to Connecticut.

On September 4, 2002, a jury convicted Figaro of (1) conspiracy to distribute in excess of 50 grams of cocaine base and in excess of 100 grams of heroin, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (3) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). In rendering its verdict, the jury specifically found that Figaro had conspired to distribute and did distribute 50 grams or more of cocaine base and 100 grams or more of heroin. On September 29, 2003, the District Court sentenced Figaro to life imprisonment, a five-year term of supervised release, and a special assessment of $300.

After Figaro filed a timely notice of appeal, this Court affirmed the judgment of conviction but remanded the case for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On July 6, 2005, the District Court re-sentenced Figaro to 25 years of incarceration on both the drug conspiracy and distribution counts and to 20 years of incarceration on the money

1. The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

laundering conspiracy count, all to run concurrently. On July 7, 2005, Figaro again filed a timely notice of appeal.

## II.

■ Figaro's primary argument on appeal is that the application of the advisory Sentencing Guidelines is impermissible because applying *Booker*'s remedial holding retroactively increases his punishment in violation of the Ex Post Facto Clause and Due Process notice requirements.[2] In *United States v. Pennavaria*, 445 F.3d 720, 723–24 (3d Cir.2006), we held that applying *Booker*'s remedial holding to defendants such as Figaro does not violate Ex Post Facto or Due Process Clause principles. We see no reason to revisit that holding and therefore conclude that the District Court's application of the advisory Sentencing Guidelines at re-sentencing did not violate the Ex Post Facto or Due Process Clauses of the United States Constitution.

■ Figaro also contends the District Court improperly applied a preponderance of the evidence standard in determining the applicability of certain Sentencing Guidelines enhancements. This claim is without merit. As we stated in *United States v. Grier*, 475 F.3d 556 (3d Cir.2007) (en banc), "the right to proof beyond a reasonable doubt attaches only when the facts at issue have the effect of increasing the maximum punishment to which the defendant is exposed." *Grier*, 475 F.3d at 565. In light of *Booker*'s remedial holding, factual determinations related to the Sentencing Guidelines do not have such an

effect. Accordingly, a preponderance of the evidence standard properly applies to factual determinations relevant to the now-advisory Sentencing Guidelines. *Id.* at 566.

■ Finally, Figaro challenges the reasonableness of his sentence. In *United States v. Booker*, the Supreme Court held that mandatory application of the Federal Sentencing Guidelines was unconstitutional. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Under the resulting advisory-guidelines regime, district courts enjoy significant latitude in imposing criminal sentences. *Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007); *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Post-*Booker*, appellate review is limited to reviewing the trial court's sentence for "reasonableness." *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir.2006). The reasonableness standard of appellate review is akin to abuse of discretion. *Gall*, 128 S.Ct. at 594 ("Our explanation of 'reasonableness' review in the *Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions.").

In conducting a reasonableness review, we must ensure that the sentencing court gave "meaningful consideration" to the sentencing factors articulated in 18 U.S.C. § 3553(a)[3] and "reasonably applied them to the circumstances of the case." *Cooper*, 437 F.3d at 330. It is therefore vital that the district court "state adequate reasons for a sentence on the record so that this

---

**2.** As we have previously noted, the Ex Post Facto Clause does not apply to judicial decisions. *United States v. Pennavaria*, 445 F.3d 720, 723–24 (3d Cir.2006). However, "limitations on *ex post facto* judicial decision-making are inherent in the notion of due process." *Id.* (citation omitted).

**3.** The factors a sentencing court must take into account include:
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed—
      (A) to reflect the seriousness of the offense, to promote respect for the law, and

court can engage in meaningful appellate review." *United States v. King*, 454 F.3d 187, 196–97 (3d Cir.2006). Here, the record shows that the District Judge reviewed each of the applicable § 3553(a) factors and provided a detailed statement of his reasons for imposing a significantly below-guidelines sentence. Accordingly, we are well satisfied that Figaro's sentence is reasonable and will affirm the judgment of the District Court.

to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... issued by the Sentencing Commission ... that ... is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).