OPINION
PER CURIAM.
Appellant Kurt Figaro appeals from an order of the District Court denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Figaro sought relief based on Amendment 706 to the United States Sentencing Guidelines, which lowered the base offense level for cocaine base, or crack, offenses. The Federal Public Defender was appointed to represent him, and counsel determined that Amendment 706 did not apply to Figaro. Counsel moved to withdraw, and Figaro filed a motion for new counsel. The District Court denied the section 3582(c)(2) motion and granted appointed counsel’s motion to withdraw. Figaro’s request for new counsel was denied. Figaro filed a motion for reconsideration, which the District Court denied. This timely appeal followed.
We will affirm. We review de novo a District Court’s interpretation of the Guidelines, but we review a court’s ultimate decision whether to grant or deny a defendant’s motion to reduce sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir.2009). A section 3582(c)(2) motion is the proper means for seeking a reduction in sentence based on the retroactive application of a lowered sentencing range.[1] Section 1B1.10 provides that the court “may reduce the defendant’s term of imprisonment as provided by 18 U.S.C. § 3582(c)(2),” and it makes Amendment 706 retroactive. See U.S.S.G. § lB1.10(a), (c). However, Amendment 706 is not applicable here, and Figaro’s section 3582(c)(2) motion is without merit.
Figaro was convicted of conspiracy to distribute in excess of 50 grams of cocaine base and in excess of 100 grams of heroin, possession with intent to distribute in excess of 50 grams of cocaine base and aiding and abetting, and conspiracy to commit money laundering, in violation of 21 U.S.C. *828 §§ 846 and 841(a)(1) and 18 U.S.C, § 1956(h), respectively. On September 29, 2003, he was sentenced to life imprisonment on Counts 1 and 2, and to a term of imprisonment of 20 years on Count 3, all sentences to be served concurrently. The District Court determined the base offense level to be 36 because the laundered funds were derived from the distribution of 447.35 grams of crack cocaine (with a corresponding offense level of 34 set forth in U.S.S.G. § 2D1.1) during which a firearm was possessed (warranting an additional 2 level enhancement). To the base offense level of 36, two levels were added pursuant to U.S.S.G. § 3B1.4 because Figaro used a minor to commit a crime. Two levels also were added, pursuant to U.S.S.G. § 2Sl.l(b)(2)(B), because Figaro was convicted under 18 U.S.C. § 1956. Four levels were added pursuant to U.S.S.G. § 3Bl.l(a) because of Figaro’s role in the offense, and two levels were added pursuant to U.S.S.G. § 3C1.1 for obstruction of justice, resulting in a total offense level of 46. As directed by the Guidelines, because Figaro’s offense level was more than 43, the maximum offense level in the Sentencing Table, Figaro’s offense level was treated as an offense level of 43. With a criminal history category of III, Figaro’s guideline imprisonment term was life.
Figaro appealed his conviction and sentence, and while that appeal was pending the United States Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and held the Sentencing Guidelines to be advisory in nature. We affirmed the judgment of conviction, but, in light of Booker, we remanded to the District Court for re-sentencing. On June 27, 2005, the District Court re-affirmed its original Guidelines calculation, but varied from the mandatory life term of imprisonment prescribed by the Guidelines, and sentenced Figaro to a term of imprisonment of 25 years. Figaro appealed, but we affirmed in United States v. Figaro, 273 Fed.Appx. 161 (3d Cir.2008), concluding, among other things, that the sentence was reasonable.
In consideration of Figaro’s subsequent request for a reduction of sentence under section 3582(c)(2) and U.S.S.G. § 1B1.10, the District Court reasoned that Amendment 706 generally reduced the base offense level for crack cocaine by 2 levels. See United States v. Wise, 515 F.3d 207, 219 (3d Cir.2008). Thus, Figaro’s total offense level would be reduced by 2 levels to an offense level of 44. An offense level of 44 is treated under the Guidelines as an offense level of 43, and with a criminal history category of III, his advisory Guideline imprisonment term would remain life. Since Figaro’s actual Guidelines imprisonment range remained unchanged, the District Court concluded that he was not entitled to relief under section 3582(c)(2). The District Court commented additionally that, at the time of re-sentencing, the court had “granted Figaro a substantial variance from the advisory guideline imprisonment term,” and that no further reduction was authorized. Figaro moved for reconsideration of the District Court’s order, urging the court to reduce his sentence even more than two offense levels, and to reconsider an issue raised at sentencing concerning whether he had been properly placed into a criminal history category of III, see U.S.S.G. § 4A1.2(c).[2] In an order entered on October 24, 2008, the District Court denied the motion for reconsideration as lacking in merit.
*829 We conclude that the District Court committed no errors of law nor did it abuse its discretion in declining to award a two-level reduction to Figaro under Amendment 706. The District Court’s analysis plainly was correct. Nor was Figaro entitled to any other reduction in his sentence. The arguments Figaro raises in his informal brief on appeal are tantamount to a request to obtain another Booker re-sentencing. Even though Amendment 706 does not warrant a reduction in his sentence, Figaro contends that the District Court’s authority under Amendment 706 is not limited to just a two-level adjustment, and cites United States v. Hicks, 472 F.3d 1167 (9th Cir.2007), in his reply brief. Hicks held that Booker applies to section 3582(c)(2) proceedings, but we recently rejected the Ninth Circuit’s reasoning in United States v, Doe, 564 F.3d 305, 313-14 (3d Cir.2009).
“Original sentencing proceedings and sentence modification proceedings are legally distinct from one another.” United States v. Cunningham, 554 F.3d 703, 707 (7th Cir.), cert. denied,— U.S.—, 129 S.Ct. 2826, 174 L.Ed.2d 552 (2009). In Doe, 564 F.3d 305, we held that Booker, which made the Guidelines advisory in nature, does not apply to a section 3582(c)(2) proceeding. Booker concerned constitutional limitations on increasing a sentence beyond the statutory maximum without a jury finding, whereas section 3582(c)(2) concerns only sentence reductions. Doe, 564 F.3d at 313-14. Furthermore, a proceeding under section 3582(c)(2) is not a full re-sentencing of a defendant. Id. A sentence reduction pursuant to section 3582(c)(2) must be consistent with Sentencing Commission policy statements. Section 1B1.10(b)(2)(A) provides that “the court shall not reduce the defendant’s term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.”[3] If Amendment 706 authorizes no more than a two-level adjustment, that is the maximum downward adjustment a defendant like Figaro may receive. A District Court is not authorized to treat the amended Guideline range as advisory. Doe, 564 F.3d at 313-14; Cunningham, 554 F.3d at 707-08. Under our recent decision in Doe, 564 F.3d 305, section lB1.10(b)(2)(A) of the Guidelines is binding on the District Court, and it thus correctly concluded that it lacked the authority to engage in another Booker re-sentencing in Figaro’s case.
For the foregoing reasons, we will affirm the orders of the District Court denying Figaro’s section 3582(c)(2) motion to reduce sentence and motion for reconsideration.

. The statute provides:
(c) Modification of an imposed term of imprisonment. — The court may not modify a term of imprisonment once it has been imposed except that—
* * * * * *
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(2).

. Figaro's original section 3582(c)(2) motion acknowledged that the section 4A 1.2(c) criminal history issue would be moot if the recalculated (under Amendment 706) total offense level was still above 43. (Motion to Reduce Sentence, at 2.) Since it was and is, we need not address this argument.

. There is an exception, not applicable here, in § IB 1.10(b)(2)(B) for defendants who were originally sentenced to below-Guidelines terms of imprisonment. For such defendants, “a reduction comparably less than the amended guideline range ... may be appropriate.” U.S.S.G. § IB 1.10(b)(2)(B). In any event, this subparagraph goes on to state that “if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a further reduction generally would not be appropriate.”