UNITED STATES of America

v.

Carlos PERALTA, a/k/a Rafael A. Lora a/k/a Charlie.

Carlos Peralta, Appellant.

No. 08–4686.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Sept. 14, 2009.

Filed: Sept. 23, 2009.

Timothy M. Doherty, Esq., Office of County Solicitor, Luzerne County, Wilkes–Barre, PA, William S. Houser, Esq., Office of United States Attorney, Scranton, PA, for United States of America.

Ingrid S. Cronin, Esq., Office of Federal Public Defender, Scranton, PA, Ronald A. Krauss, Esq., Office of Federal Public Defender, Harrisburg, PA, for Carlos Peralta.

Before: SLOVITER, FUENTES and SMITH, Circuit Judges.

*OPINION*

SLOVITER, Circuit Judge.

Appellant Carlos Peralta appeals the District Court's decision not to grant him a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We will affirm.

## I.

In July 2007, Peralta pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and illegal re-entry into the United States by an aggravated felon, in violation of 8 U.S.C. § 1326(b)(2). At Peralta's sentencing hearing in December 2007, the District Court adopted, without objection, the Presentence Report ("PSR") prepared by the Probation Office.

According to the PSR, Peralta was responsible for 114.22 grams of cocaine base and 99.36 grams of cocaine powder. Under the Sentencing Guidelines applicable at that time,[1] Peralta faced a base offense level of thirty-two based on this amount of drugs. Peralta's immigration offense had no impact on his offense level. The PSR recommended a three-level reduction for acceptance of responsibility, and, combined with his criminal history category of I, Peralta therefore faced a Guidelines sentence of 87 to 108 months imprisonment.

After hearing argument from both parties, the District Court imposed a sentence of sixty-four months imprisonment. The Court recognized that, under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), it could grant a variance to account for the crack-powder sentencing disparity, and decided that such a variance was appropriate here. The Court also noted that the Sentencing Commission had issued Amendment 706 to the Guidelines to reduce the offense level for certain crack cocaine offenses by two levels. The Court announced that it would apply such a reduction to Peralta's sentence even though it was outside the scope of Amendment 706. *See* U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). The Court also determined that the sentence balanced Peralta's status as a low-level dealer and his poor health against his record of multiple illegal entries into the United States and prior drug offenses.

Peralta did not appeal his conviction or sentence. However, Peralta subsequently moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which permits a district court to reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." In support of his motion, Peralta relied upon Amendment 715, which was made retroactive by Amendment 716. *See* U.S.S.G. App. C., Amends. 715, 716 (May 1, 2008). Pursuant to Amendment 715, the base offense level for Peralta's drug offense would be reduced to thirty, and he would face an amended Guidelines range of seventy to eighty-seven months imprisonment. Peralta seeks a new sentence of fifty-two months imprisonment, i.e., a variance from the amended Guidelines range equivalent to the variance granted by the District Court below his original Guidelines range. Appellant's Br. at 9.

The District Court denied the motion for a sentence reduction. It held that Peralta "was given the benefit of the two level reduction authorized by Amendment 715; the sentence was below the advisory guideline range even after the two level reduction ...; and the Court finds [Peralta] is not eligible for any additional reduction in his sentence as it already took into account the crack cocaine amendments." App. at 3. Peralta timely appealed.[2]

---

**1.** The PSR was calculated under the 2007 version of the Guidelines.

**2.** The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3582. We have jurisdiction under 28 U.S.C. § 1291 and review a district court's "decision whether to grant or deny a defendant's motion to reduce sentence under § 3852(c)(2) for abuse of discretion." *United States v. Mateo,* 560 F.3d 152, 154 (3d Cir.2009).

## II.

 Although his original sentence "already took into account the crack cocaine amendments," Peralta still argues that the District Court erred in denying his motion for a sentence reduction. App. at 3. We disagree.

As noted above, the District Court anticipated Amendment 715 and applied a two-level reduction to the offense level for Peralta's drug offense. Thus, Peralta, in essence, already received the benefit of Amendment 715 in his original sentence. That is all Peralta is entitled to under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(b)(1) ("In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted ... the court shall substitute only the [applicable] amendments ... for the corresponding guideline provisions that were applied when the defendant was sentenced....").

 Further, the District Court granted Peralta a downward variance pursuant to *Booker* and *Kimbrough* and sentenced him to sixty-four months imprisonment, i.e., below both the original and amended Guidelines ranges. Under the Sentencing Guidelines, "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and [*Booker*], a further reduction generally would not be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). Contrary to Peralta's arguments to this court, "[n]othing in *Booker* purported to obviate the congressional directive in § 3582(c)(2) that a sentence reduction pursuant to that section be consistent with Sentencing Commission policy statements." *United States v. Doe*, 564 F.3d 305, 314 (3d Cir.2009).

Accordingly, the District Court did not abuse its discretion in rejecting Peralta's request for a sentence reduction. Peralta has already received the benefit of Amendment 715, and, in any case, the Sentencing Guidelines make clear that a sentence reduction is generally not appropriate where a defendant, like Peralta, received a downward variance in his or her original sentence.

## III.

For the above-stated reasons, we will affirm the District Court's order denying a sentence reduction.