## UNITED STATES of America

v.

## Dennis FREEMAN, Appellant.

### No. 08–4592.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 22, 2009.

Filed: Oct. 6, 2009.

---

_____

Curtis R. Douglas, Esq., Bernadette A. McKeon, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Dennis Freeman, Fort Dix, NJ, pro se.

Sarah S. Gannett, Esq., Brett G. Sweitzer, Esq. Defender Association of Philadelphia, Philadelphia, PA, for Appellant.

Before: BARRY, FISHER and JORDAN, Circuit Judges.

OPINION OF THE COURT

FISHER, Circuit Judge.

Dennis Freeman appeals the order of the District Court denying in part his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The District Court granted a sentence reduction based on an amendment to the Sentencing Guidelines for crack cocaine offenses, but denied Freeman an additional sentence reduction under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because Freeman's interpretation of the Sentencing Guidelines and applicable policy statements was rejected by this court in *United States v. Doe*, 564 F.3d 305 (3d Cir.2009), we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In 2002, Dennis Freeman pled guilty to one count of conspiracy to distribute crack cocaine base in violation of 21 U.S.C. § 846. At his sentencing hearing, the District Court determined that the base offense level for the distribution of 549.7 grams of crack cocaine was 36. This base level was increased by two levels for possession of a firearm in connection with the offense for a total offense level of 38. U.S.S.G. § 2D1.1(b)(1). Freeman was also classified as a career offender under § 4B1.1 based on two prior felony drug convictions, which carried an offense level of 37. Because Freeman's total offense level was greater than the career offender level, Freeman's offense level for sentencing was based on the higher § 2D1.1 level

of 38. Freeman's offense level was then reduced by two levels for acceptance of responsibility under § 3E1.1(a) for an adjusted offense level of 36. Freeman's criminal history category was VI based on 13 criminal history points.

At the sentencing hearing, Freeman asked the District Court for an additional one-level reduction for timely acceptance of responsibility under § 3E1.1(a), and a downward departure under § 4A1.3 on the grounds that the criminal history category overrepresented his criminal record. The District Court granted these motions, bringing Freeman's adjusted offense level to 35 and his criminal history category to V. The District Court then sentenced Freeman to a 270 month term of imprisonment, on the lower end of the 262 to 327 month range set by the Guidelines.

Effective November 1, 2007, Amendment 706 to the Guidelines reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission designated the amendment for retroactive application. U.S.S.G.App. C., Amend. 713.

On April 15, 2008, Freeman filed a Motion to Modify Terms of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706. The District Court determined that, accounting for the two-level reduction provided by Amendment 706 and the two-level increase for possession of a firearm, Freeman's amended base offense level was 36. Because the base offense level was now less than the career offender level of 37, the Court followed the mandate of § 4B1.1 that the sentence be based on Freeman's career offender level. After applying the original three-level reduction for timely acceptance of responsibility, Freeman's amended offense level was 34 and his criminal history category was V, making the guideline sentence range 235 to 293 months. The District Court sentenced Freeman to a 235 month term of imprisonment. This timely appeal followed.

## II.

The District Court had jurisdiction over Freeman's criminal prosecution under 18 U.S.C. § 3231 and jurisdiction to adjudicate Freeman's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We exercise plenary review of the District Court's interpretation of the Sentencing Guidelines, but review the District Court's ultimate decision to grant or deny a motion to reduce sentence under 18 U.S.C. § 3582(c) for abuse of discretion. *United States v. Mateo,* 560 F.3d 152, 154 (3d Cir.2009).

## III.

### A.

■ Freeman argues that the District Court was not bound by the policy statement in § 1B1.10 to apply a sentence within the Guidelines for his career offender level because the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered all of the Sentencing Guidelines advisory. This argument misunderstands the impact of *Booker* on a motion for a reduction in sentence under § 3582(c)(2).

In most cases, a district court may not grant a reduction in sentence after it has been imposed. *United States v. Wise,* 515 F.3d 207, 220 (3d Cir.2008). Congress has, however, granted district courts the authority to reduce sentences after they are imposed if the sentence is based on a Guideline range that is later reduced by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). This authority is constrained by the requirement that "such a reduction

**764**

is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Guidelines policy statement provides that when a district court is considering a motion to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c), the court must determine the amended guideline range and substitute only the amended guideline provision, leaving all other guideline applications decisions unaffected. *See* U.S.S.G. § 1B1.10(b)(1). The policy statement further provides that a defendant's sentence may not be reduced "to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." *Id.* § 1B1.10(b)(2)(A).

Freeman argues that the District Court could have ignored his career offender offense level and sentenced him under his new adjusted base offense level. Freeman further asserts that the Court could have reduced his sentence to a term even less than the range set by the Guidelines. While Freeman does not contend that such a result comports with § 1B1.10, he argues that the policy statement is only advisory in light of *Booker.*

In *United States v. Doe,* 564 F.3d 305 (3d Cir.2009), we rejected the argument that *Booker* rendered the policy statement in § 1B1.10 advisory. Instead, we held that "[u]nder the express statutory language of § 3582(c)(2) and § 994(u), the Commission's policy statements implementing retroactive sentence reduction are binding." *Id.* at 310. We reasoned that holding the policy statements mandatory does not conflict with *Booker* because neither *Booker*'s Sixth Amendment constitutional holding, nor its remedial holding striking down the statutory provisions that made the Sentencing Guidelines mandato-

ry, are implicated by a proceeding under § 3582(c)(2). *Id.* at 312–14.

Under § 1B1.10 a district court may only substitute amended guidelines provisions and must leave all other guideline application decisions unaffected. While the crack cocaine offense level was lowered by two levels, the career offender provisions of § 4B1.1 remain in force. The District Court was therefore required to apply the career offender level exactly as it had at the original sentencing hearing. When the District Court accounted for the amended crack cocaine offense level of 36, the higher career offender level of 37 became the applicable sentencing level under § 4B1.1. Accordingly, the District Court was required by § 1B1.10 to sentence Freeman based on his career offender level.

The District Court was also correct that it could only reduce Freeman's sentence as far as the lower end of the guidelines range for his career offender level. The § 1B1.10 policy statement is clear that a defendant's sentence may not be reduced "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). As discussed above, Freeman's amended guideline range is set by his career offender level. Accounting for the three-level reduction from the original sentencing, Freeman's adjusted career offender level was 34, carrying a minimum sentence of 235 months. Because Freeman's amended sentence was 235 months, the District Court appropriately denied Freeman's motion for a further reduction in sentence.

**B.**

■ For the first time in his reply brief, Freeman contends that the career offender Guideline provisions, § 4B1.1, cannot be applied to him because at his initial sen-

tencing the District Court reduced his criminal history category from VI to V, thus making him ineligible for career offender status.[1]

Section 4B1.1(a)–(b) defines the requirements for career offender status and states, "[a] career offender's criminal history category in every case under this subsection shall be Category VI." Freeman argues that § 4B1.1 means that a criminal history category of VI is required in order to be sentenced as a career offender. The inverse is actually true. Once a defendant is deemed a career offender, his criminal history category must be set to VI. The District Court's decision to grant a downward departure to category V therefore does not eliminate Freeman's status as a career offender because being in category VI is a result of, and not a prerequisite to, career offender status. We therefore reject Freeman's argument that he cannot be sentenced under his career offender level as required by § 4B1.1.

### IV.

For the foregoing reasons, we will affirm the order of the District Court.

---

1. We note, "It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." *United States v. Pelullo,* 399 F.3d 197, 222 (3d Cir.2005).