OPINION
SLOVITER, Circuit Judge.
Appellant Bonthan Eirng pled guilty to one count of possession with intent to distribute more than fifty grams of cocaine base (“crack cocaine”), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He was sentenced to 240 months imprisonment by the District Court.[1] His counsel filed a motion to withdraw as counsel accompanied by a brief in support of that motion pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
Under Anders, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal. Id. at 741-42, 744, 87 S.Ct. 1396. Anders requires that appellant’s counsel must “satisfy the court that he or she has thoroughly scoured the record in search of appealable issues” and then “explain why the issues are frivolous.” United States v. Marvin, 211 F.3d 778, 780 (3d Cir.2000). “The Court’s inquiry when counsel submits an Anders brief is thus twofold [to determine]: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2(a)’s] requirements[,] and (2) whether an independent review of the record presents any nonfriv-olous issues.” United States v. Youla, 241 F.3d 296, 300 (3d Cir.2001).
I.
In October 2004, Philadelphia police executed a search warrant at 194 W. Chew Avenue. During the search, officers observed Eirng throwing large chunks of what they later determined was crack cocaine from an open window in his second floor bedroom. Officers immediately apprehended Eirng and recovered from his bedroom large quantities of bulk cocaine base, numerous packets of crack cocaine, about $4,646 in cash, and several items of drug paraphernalia. Officers discovered a total 232 grams of crack cocaine in Eirng’s home.
Eirng was thereafter charged in an indictment with one count of possession of more than fifty grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The government subsequently filed an information under 21 U.S.C. § 851 setting forth Eirng’s prior conviction of a felony drug offense. As a result of the prior conviction, Eirng’s mandatory minimum sentence was increased from ten years to twenty years imprisonment. See 21 U.S.C. § 841(b)(1)(A).
The parties entered into a guilty plea agreement in which Eirng admitted that he possessed 232 grams of crack cocaine with the intent to distribute. At the sentencing hearing, the District Court adopted the findings of the PSR that Eirng’s offense level was 31 and that he was in a criminal history category of II. This would produce an advisory sentencing range of 121-151 months. However, as the District Court pointed out, this range was subsumed by the “statutory, mandatory minimum of 20 years.” J.T. App. at 24. *320 On that basis, the District Court sentenced Eirng to 240 months. Eirng appeals.
II.
In March 2009, Eirng’s counsel filed an Anders brief asserting that no meritorious issues existed on appeal, and the Government filed a brief in agreement. Thereafter, Eirng filed a pro se brief, arguing that “the District Court [e]rred when [it] failed to reduce [his] sentence pursuant to the Sentencing Commission’s Amendment (706) to the Crack Cocaine Guidelines.” Appellant’s Informal Br. at 7. Eirng’s reference to Amendment 706 of the Sentencing Guidelines, by which the Sentencing Commission reduced the offense levels for many crack cocaine offenses, does not set forth a non-frivolous issue for review for two reasons.
First, whether a retroactive guideline amendment is applicable to a particular sentence cannot be raised in a direct appeal, but rather only in a proceeding under 18 U.S.C. § 3582(c)(2). Second, inasmuch as Eirng was sentenced to a mandatory minimum term of imprisonment based on a prior drug felony, his sentence is unaffected by any guideline amendment. See United States v. Doe, 564 F.3d 305, 309 (3d Cir.2009) (holding a statutory minimum sentence unaffected by Amendment 706).
III.
For the reasons above, we will affirm the sentence and grant counsel’s motion to withdraw.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review this matter pursuant to 28 U.S.C. § 1291.