NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-2481, 09-2482 and 09-2483
_____

UNITED STATES OF AMERICA

v.

SANTOS MENDEZ,
Appellant
_____

UNITED STATES OF AMERICA

v.

JOSE A. MENDEZ, JR.,
a/k/a Jose Valentine,
a/k/a Rambo

Jose A. Mendez,
Appellant
_____

UNITED STATES OF AMERICA

v.

LOUIS CORDERO,
a/k/a Louie

Louis Cordero,
Appellant
_____

Appeals from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Nos. 2-03-cr-00088-001, 002 and 006)

District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
November 4, 2010

Before:  SCIRICA, RENDELL and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: November 5, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Santos Mendez, Jose Mendez, and Louis Cordero ("defendants") appeal the May 11, 2009 orders of the United States District Court for the Eastern District of Pennsylvania denying their motions to reduce their sentences pursuant to 18 U.S.C. § 3582.  We will affirm the District Court's orders.

I.  <u>Background</u>

Because we write solely for the benefit of the parties, we include only the essential facts.  Defendants were indicted together on February 5, 2003 for conspiracy to distribute more than 50 grams of cocaine base and more than 1,000 grams of heroin within 1,000 feet of a school in violation of 21 U.S.C. §§ 846 and 860.  In addition, Jose and Santos Mendez were charged with using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Jose Mendez was charged with another § 924(c) offense.  Santos Mendez was also indicted separately, with others who are not parties to this appeal, for Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, a

2

§ 924(c) offense, and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Jose Mendez pleaded guilty to all four drug distribution counts; Louis Cordero pleaded guilty to the conspiracy count; and Santos Mendez pleaded guilty to all of the offenses in the robbery case and thereafter pleaded guilty to the three offenses he was charged with in the drug distribution case.

Santos Mendez was sentenced to life imprisonment for the drug conspiracy, followed by a mandatory consecutive sentence of 7 years for a § 924(c) violation as charged in the robbery indictment, and a mandatory consecutive sentence of 25 years for the § 924(c) offense charged in the drug indictment.

Jose Mendez was sentenced to 168 months' imprisonment, which included 120 months for the drug conspiracy, and 24 months for each of the § 924(c) counts. The Court directed that all the sentences run consecutively. Louis Cordero was sentenced to 144 months' imprisonment. Both Jose Mendez's and Louis Cordero's sentences were reduced as a result of § 5K1.1 motions filed by the government based on the defendants' substantial assistance in the investigation and prosecution of others.

In November, 2007, two years after defendants were sentenced, the Sentencing Commission issued Amendment 706, which reduced the base offense level for crack cocaine offenses under § 2D1.1(c) by two levels. *See* U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On March 3, 2008, the Commission made the amendment retroactively applicable. *See* U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008). Amendment 715 effectuates the two-level reduction intended by Amendment 706 for offenses involving

both crack cocaine and another controlled substance.  *See* U.S.S.G. App. C Supp., Amend 715 (May 1, 2008).  We will refer to Amendments 706 and 715 as "the Amendments."

In February, 2009, all three defendants filed § 3582 motions for reduction of their sentences under the Amendments.  The District Court denied their motions.  All three defendants filed timely appeals of the District Court's decisions; their appeals have since been consolidated at their request.

II.  Analysis

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review the District Court's decision to deny defendants' motion to reduce their sentences pursuant to § 3582(c)(2) for abuse of discretion.  *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009).

A District Court may reduce a defendant's sentence under § 3582 "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . .  after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  However, district courts' § 3582 authority to reduce sentences based on amended guideline ranges is limited by § 1B1.10, which provides, in relevant part, that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the "amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  Commentary on the revision elaborates:  "The amendment does not have the effect of lowering the

4

defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." *Id.*, app. note 1(A).

In their § 3582 motions, defendants argued that the Sentencing Commission's enactment of the Amendments lowered the sentencing ranges applicable to their offenses. We agree with the District Court that the Amendments to U.S.S.G. §2D1.1 do not apply here to lower the base offense level for defendants' offenses. In denying Jose Mendez and Louis Cordero's requests for reduction, the District Court found that the Amendments did not lower the applicable guideline ranges because the ranges were based on mandatory minimum sentences higher than the §2D1.1 guideline ranges. Thus, the sentences fell outside the ambit of § 3582(c)(2)'s grant of permission to modify imprisonment terms based on lowered sentencing ranges. In denying Santos Mendez's motion, the District Court found that his base offense level would not have been affected by the Amendments because of the large quantity of crack cocaine he possessed.[1]

On appeal, Jose Mendez and Louis Cordero claim that the District Court abused its discretion because its interpretation of the Sentencing Guidelines violated the language and purpose of the statute, failed to satisfy the goals of sentencing, strained the plain meaning of the statute, and violated the rule of lenity. Santos Mendez reiterates these

---

[1] The District Court found that due to the large quantity of crack he was found in possession of, defendant would have been assigned a base offense level of 38 even if he had been sentenced directly pursuant to § 2D1.1. Therefore, he was not entitled to a reduction in his sentence under § 3582(c)(2). *See United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009).

claims and further asserts that his sentence should be reduced based on considerations of "fundamental fairness."

The District Court did not abuse its discretion. Jose Mendez and Louis Cordero claim that they are entitled to a reduced sentence because § 3582(c) requires only that a sentence be "based on" a lowered § 2D1.1 range and their sentences were, at least in part, based on a reduced range. They also argue that the Commission's policy statements are merely "advisory" and that the District Court erred in treating them as binding. We rejected these precise arguments in *United States v. Doe*, 564 F.3d 305 (3d Cir. 2009), where we found that the Commission's policy statements are indeed binding and "require that the amendment must *actually* have had the effect of lowering the Guideline range." *Id.* at 310-11. Accordingly, we held that the Amendments did not lower the guideline range applicable to defendant Doe's offense, because the range was set by a mandatory minimum and not by § 2D1.1. *Id.* at 315. The District Court correctly denied Cordero and Jose Mendez's claims.

We also agree with the District Court's conclusion that Santos Mendez's guideline range was not subject to the Amendments' reduction because of the large quantity of cocaine Mendez possessed. Santos Mendez's "fundamental fairness" and policy arguments do not overcome the Sentencing Guidelines' unambiguous limitation – that a sentence may be reduced only when it was based on a range lowered by a guideline amendment.

For the foregoing reasons, we will affirm the District Court's judgments as to all of the defendants.