**ALD-057**                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3517
_____

JUAN ANTONIO GARCIA-VILLA,

                                                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cr-00745 )
District Judge:  Honorable J. Curtis Joyner

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 2, 2010
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed December 13, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

     Juan Garcia-Villa appeals the September 14, 2009 order of the District Court

denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  We will

summarily affirm.

In October 2004, Garcia-Villa pled guilty to several drug-related offenses, including conspiracy to distribute more than 50 grams of cocaine base ("crack") in violation of 21 U.S.C. § 846; three counts of distribution of more than five grams of crack, in violation of 21 U.S.C. § 841(a)(1); distribution of more than fifty grams of crack, in violation of 21 U.S.C. § 841(a)(1); possession of cocaine with intent to distribute; and possession of heroin with intent to distribute. At a January 2005 sentencing hearing, the Court imposed the statutory mandatory minimum sentence of 240 months of imprisonment. Garcia-Villa did not file a direct appeal.

In July 2009, Garcia-Villa filed in the District Court a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Federal Sentencing Guidelines which lowered the base offense levels applicable to crack offenses. The District Court denied Garcia-Villa's motion, concluding that the amendment had no effect on his mandatory minimum sentence. Garcia-Villa appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's decision to deny Garcia-Villa's motion to reduce his sentence pursuant to § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

A District Court may reduce a defendant's sentence under § 3582 "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering

the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). However, district courts' § 3582 authority to reduce sentences based on amended guideline ranges is limited by § 1B1.10, which provides, in relevant part, that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the "amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Commentary on the revision elaborates: "The amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." Id., app. note 1(A).

In November 2007, nearly three years after Garcia-Villa was sentenced, the Sentencing Commission issued Amendment 706, which reduced the base offense level for crack cocaine offenses under § 2D1.1(c) by two levels. See U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). The Commission later made the amendment retroactively applicable. See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).

In his § 3582 motion, Garcia-Villa sought to have his sentence reduced as result of that amendment. We agree with the District Court that the amendment at issue does not apply here because Garcia-Villa was sentenced to a mandatory minimum sentence required by statute. See United States v. Doe, 564 F.3d 305, 309 (3d Cir. 2009) (holding

3

that Amendment 706 did not have the effect of lowering the applicable guideline range where the defendants received statutory mandatory minimum sentences and thus the defendants were not eligible for relief under § 3582.)

Because the District Court did not abuse its discretion in denying Garcia-Villa's motion to reduce his sentence, we will summarily affirm.  <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.