**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1817
_____

UNITED STATES OF AMERICA,

v.

WILLIAM FRAZIER
a/k/a Rich Moore

WILLIAM FRAZIER,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim. No. 99-cr-00007-001)
District Judge:  Honorable Joseph J. Farnan, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
March 17, 2011
_____

Before: BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

(Opinion Filed: March 24, 2011)
_____

OPINION
_____

BARRY, <u>Circuit Judge</u>

    William Frazier was convicted in July 1999 of two counts of distributing cocaine

base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B). He presently is serving two consecutive life terms. The District Court denied Frazier's motion, pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on the retroactive amendment of sentencing guidelines which lowered base offense levels for certain quantities of crack cocaine. *See* U.S.S.G. App. C, Amends. 706 & 713. Frazier appeals. We will affirm.

## I. Background

Writing primarily for the parties, and because two of our cases have squarely addressed and resolved the issue that Frazier presents, our discussion will be brief.

Frazier's conviction stemmed from two sales to a D.E.A. informant, eight days apart, of crack cocaine weighing 32.5 and 53.5 grams. The District Court sentenced him to two consecutive life terms because he had two prior felony drug convictions, and the government had sought enhanced mandatory minimum sentencing and career offender classification. *See* 21 U.S.C. § 851; U.S.S.G. § 4B1.1. His conviction pursuant to § 841 (b)(1)(A) prescribed a life sentence, while both § 841(b)(1)(B) and his career offender status—with an offense level of 37 and a criminal history category of VI—permitted one.

In September 2008, Frazier filed a *pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Counsel later filed a similar motion, and in March 2010 the District Court denied both motions, noting that Frazier's sentence turned on his career offender classification and on a statutory mandatory minimum term of life imprisonment. On appeal, it is undisputed that in light of *United States v. Doe*, 564 F.3d 305 (3d Cir.

2

2009), and *United States v. Mateo*, 560 F.3d 152 (3d Cir. 2009), the Court properly held that Frazier's argument for sentencing reduction fails. Frazier, however, is pursuing this appeal to preserve his right to petition for certiorari in the Supreme Court of the United States.

## II. Standard of Review and Discussion

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo a district court's interpretation of the Guidelines." *Mateo*, 560 F.3d at 154 (citation omitted). Although a district court's interpretation of 18 U.S.C. § 3582(c) is subject to plenary review, *Doe*, 564 F.3d at 307 n.2, we "review a court's ultimate decision whether to grant or deny a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion." *Mateo*, 560 F.3d at 154 (reference omitted).

*Mateo* and *Doe* compel the resolution that we reach here. *Mateo* held that the revision of the crack cocaine guidelines is irrelevant where, as here, an appellant's sentence reflects not the applicability of offense-specific guidelines—such as those for crack—but, rather, the applicability of the career offender provision of § 4B1.1, which trumps an otherwise-applicable offense level where the latter is lower than that provided for by § 4B1.1. 560 F.3d at 154-55; *see also United States v. Flemming*, 617 F.3d 252, 257 (3d Cir. 2010) ("a career offender, who received no downward departures and was sentenced *within* the Career Offender Guidelines range, [i]s not eligible for a reduction in

3

sentence even though his base offense level under the Crack Cocaine Guidelines had been subsequently lowered by Amendment 706."). Because "Amendment 706 does not affect [Frazier's] applicable sentencing range, … § 3582(c)(2) does not authorize a reduction in his sentence." *Mateo*, 560 F.3d at 155.

Likewise, where a mandatory minimum sentence, such as appears in the enhanced penalty provision of 21 U.S.C. § 841 (b)(1)(A), "subsume[s] and displace[s an] … initial Guideline range[]," such a sentence is "not affected by Amendment 706." *Doe*, 564 F.3d at 312. Given Frazier's prior record, the second count of conviction statutorily mandated a life sentence, which is not displaced by the revised crack cocaine guidelines.

### III. Conclusion

*Mateo* and *Doe* were correctly applied in this case. The fact that Frazier is imprisoned for life for selling crack cocaine in amounts that can carry less severe punishment now than when he was convicted may give one pause, but 18 U.S.C. § 3582(c) permits the modification of a sentence only in very limited circumstances, not present here.[1] Accordingly, we will affirm the judgment of the District Court.

---

[1] A defendant in Frazier's position would not *today* receive a mandatory life sentence, because the present version of 21 U.S.C. § 841(b)(1)(A) mandates life imprisonment for offenders with two or more prior felony drug convictions whose triggering offense involves 280 or more grams of crack. The count of conviction in Frazier's case charged under § 841(b)(1)(A) involved 53.5 grams of crack. Thus, under current law, both of Frazier's sales would be governed by § 841(b)(1)(B). However, not only does this not implicate a possible modification under 18 U.S.C. § 3582(c), but where a defendant has two prior felony drug convictions, selling crack in quantities such as Frazier did— whether considered when he was convicted, or now—would permit a sentencing court to impose life imprisonment under § 841(b)(1)(B).