NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3894
_____

UNITED STATES OF AMERICA

v.

ROBERT RALPH KORBE,
Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Nos. 2-08-cr-00365-016,
2-09-cr-00056-002 and 2-10-cr-00091-001)
District Judge: Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2011

Before:  RENDELL, AMBRO and NYGAARD, Circuit Judges

(Opinion Filed: November 21, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Robert Ralph Korbe appeals a judgment incorporating a sentence of 300 months'

imprisonment for convictions on drug, mail fraud, and firearm charges.  Korbe's

Sentencing Guidelines range was 188 to 235 months, subject to a statutory mandatory

minimum sentence of 240 months for the firearm offenses. The District Court sentenced Korbe to 300 months in prison, 65 months above the upper bound of the Guidelines range and 60 months above the mandatory minimum. On appeal, Korbe argues that this upward variance was unreasonable.[1] We will affirm.[2]

Because the facts and procedural history are well known to the parties and the Court, we need not restate them here. Our review of Korbe's sentence proceeds in two steps. "First, we must ensure that the district court did not commit a significant procedural error in arriving at its decision, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing adequately to explain the chosen sentence — including an explanation for any deviation from the Guidelines range." *United States v. Brown*, 595 F.3d 498, 526 (3d Cir. 2010) (internal quotation marks omitted). "Second, if we determine that there has not been a significant procedural error, we review the ultimate sentence imposed to determine if it was substantively reasonable under an abuse of discretion standard." *Id.*

---

[1] The government moved to dismiss Korbe's appeal based on an appeal waiver Korbe entered into in connection with a plea agreement. Because that agreement specifically reserved to Korbe the right to take a direct appeal from a sentence that "unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines," and Korbe's appeal argues only that his above-guideline sentence was unreasonable, we will deny the motion to dismiss.

[2] The District Court exercised jurisdiction under 18 U.S.C. § 3231. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

The District Court's sentencing decision in this case was neither procedurally flawed nor substantively unreasonable. The extent to which Korbe challenges his sentence on procedural grounds is unclear — he does not argue that the District Court calculated the Guidelines range incorrectly, that it treated the Guidelines as mandatory or relied on clearly erroneous facts, or even that it failed to consider any of the § 3553(a) factors. But he does suggest that the District Court did not adequately explain the basis for its upward variance in light of the § 3553(a) factors. That is not the case. In a lengthy and thorough discussion, the District Court expressly considered "the nature and circumstances of the offense"; Korbe's "history and characteristics," including his personal and family circumstances, health, skills, and employment; Korbe's "extensive criminal background with drugs, guns and violent behavior"; the need to protect the public from Korbe's criminal activity; the opportunity to provide Korbe with substance abuse treatment and training in the hope that he might someday "become a law-abiding member of the community"; and potential disparities between Korbe's sentence and the sentences of his co-defendants in the drug conspiracy. It carefully explained that the severity of Korbe's sentence was justified by the number of crimes for which he was sentenced, the seriousness of those offenses, and Korbe's underlying history of criminal conduct. We discern no procedural error here.

Given the "'due deference'" we afford the District Court's application of the § 3553(a) factors, we also cannot conclude that "no reasonable sentencing court would have imposed the same sentence on [Korbe] for the reasons the district court provided," as we must to find Korbe's sentence substantively unreasonable. *United States v. Tomko*,

3

562 F.3d 558, 567-68 (3d Cir. 2009) (en banc). As the District Court observed, Korbe was an "active, long-term and ongoing" participant in "a large scale network of drug distribution." He had shown no remorse and refused to abandon his criminal lifestyle after numerous previous arrests and convictions. This pattern continued up through the arrest on the charges in this case — rather than surrendering when law enforcement agents arrived at his house to execute an arrest warrant, Korbe sought to destroy his stash of drugs and fled. Under these circumstances, the District Court acted well within its discretion in imposing a sentence above the Guideline range and the statutory minimum. The extent of the District Court's upward variance also was not substantively unreasonable. The 5-year increase was appropriate in light of the facts, and the resulting 25-year sentence fell well below the statutory maximum sentence of life imprisonment.

Finally, we reject Korbe's contention that the District Court improperly took into account the circumstances of his arrest — during which Korbe's wife shot and killed an FBI agent — in determining his sentence. The record affirmatively establishes that Korbe's sentence was not based in any way on Korbe's wife's actions. Although the District Court noted that Korbe's actions on the morning of his arrest "set the stage" for the agent's death, it emphasized that Korbe was "neither charged with nor . . . sentenced for" that conduct and specifically advised Korbe that he was not "sentenced for the shooting and death of FBI Special Agent Samuel Hicks."

For the foregoing reasons, we will affirm the judgment of the District Court.