**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4531
_____

UNITED STATES OF AMERICA

v.

ROBERT RALPH KORBE,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action Nos. 2-08-cr-00365-016; 2-09-cr-00056-002;
2-10-cr-00091-001)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  May 22, 2013)
_____

OPINION
_____

PER CURIAM

Robert Ralph Korbe, a federal prisoner proceeding pro se, appeals from the

District Court's order denying his motion for a reduction in sentence pursuant to 18

U.S.C. § 3582(c)(2).  We will affirm.

Korbe pleaded guilty to several counts of possession and distribution of powder and crack cocaine, stipulating to a quantity of more than five but less than fifteen kilograms of powder cocaine. Based on the Presentence Investigation Report, Korbe's total offense level was 31 with a Criminal History Category of VI, resulting in an advisory Guidelines range of 188 to 235 months' imprisonment.[1] However, after the Government filed a notice of prior conviction pursuant to 21 U.S.C. § 851, Korbe became subject to a statutory mandatory minimum sentence of 240 months' imprisonment for his powder cocaine conviction.[2] At sentencing, the Government's request for an upward variance was granted and Korbe received a sentence of 300 months' imprisonment. We affirmed. United States v. Korbe, 452 F. App'x 177, 180 (3d Cir. 2011). Korbe's subsequent motion for a reduction in sentence, based on the retroactive application of Amendment 750, was denied. He timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's interpretation of the Sentencing Guidelines de novo. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review a district court's ultimate decision to deny a motion pursuant to § 3582 for abuse of discretion. Id.

A district court must first determine whether a defendant's sentence was based on a sentencing range "that has subsequently been lowered by the Sentencing Commission,"

---

[1] Korbe's base offense level would have been 32 based solely on the quantity of powder cocaine. U.S.S.G. § 2D1.1(c)(4).

[2] A crime involving five kilograms or more of powder cocaine carries a mandatory minimum sentence of ten years (120 months). 21 U.S.C. § 841(b)(1)(A)(ii)(II). That was doubled in Korbe's case due to his prior conviction.

18 U.S.C. § 3582(c)(2), and that a reduction is consistent with the policy statements in U.S.S.G. § 1B1.10. Dillon v. United States, 130 S. Ct. 2683, 2691 (2010). If so, the district court may then consider whether the authorized reduction is warranted based on the factors set forth in § 3553(a). Id. The comments accompanying § 1B1.10 state that

> a reduction in the defendant's term of imprisonment is not authorized . . . and is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10 application note 1.

We agree with the District Court that Korbe's sentence was not based on a Guidelines range that was subsequently lowered by the Sentencing Commission. Though Amendment 750 lowered the base offense levels for crack cocaine quantities listed in U.S.S.G. § 2D1.1, Korbe's 240 month statutory mandatory minimum sentence was independently based on his powder cocaine offenses. Thus, Amendment 750 could not have the effect of lowering Korbe's applicable Guidelines range because the mandatory minimum for his powder cocaine conviction was unaffected by that amendment. United States v. Doe, 564 F.3d 305, 312 (3d Cir. 2009). The District Court did not abuse its discretion in denying Korbe's motion, as his sentence was not based on a range that was subsequently lowered and a reduction would have been inconsistent with the policy statements.[3] We will, therefore, affirm the judgment of the District Court.

------

[3] We have considered Korbe's additional arguments and, as the Government correctly



explains in its brief, they afford no basis for relief under the limited remedy made available to defendants in a § 3582(c)(2) proceeding.