NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1360
_____

UNITED STATES OF AMERICA

v.

CARLTON L. EASTER,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:07-0153)
District Judge: Hon. Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
September 19, 2012

Before: AMBRO, GREENAWAY, JR., and TASHIMA,[*] Circuit Judges

(Filed: October 19, 2012)
_____

OPINION
_____

TASHIMA, Circuit Judge

    Carlton L. Easter appeals the District Court's denial of his motion, pursuant to 18

_____

[*]  Hon. A. Wallace Tashima, Senior Judge, United States Court of Appeals for the Ninth
Circuit, sitting by designation.

1

U.S.C. § 3582(c)(2), to reduce his sentence of 210 months' imprisonment. Easter's counsel has moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and Easter has declined to submit a pro se brief. We have jurisdiction under 28 U.S.C. § 1291. For the reasons set forth below, we will grant counsel's motion and affirm the decision of the District Court.

## I.

In 2008, Easter was found guilty by a jury of one count of possession with intent to distribute 50 grams or more of crack cocaine, a violation of 21 U.S.C. § 841(a), and one count of criminal conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, a violation of 21 U.S.C. § 846. At sentencing, the District Court found that Easter was responsible for 343 grams of crack cocaine. The U.S. Sentencing Guidelines in effect at the time prescribed a base offense level of 32 for that amount of crack cocaine. Easter received a two-level enhancement for possession of a weapon, bringing his total offense level to 34. Applying a criminal history category of IV, the District Court determined that Easter's applicable Guidelines range was 210 to 262 months' imprisonment, and imposed a sentence of 210 months.

On November 1, 2011, Amendment 750 to the Sentencing Guidelines became effective. Amendment 750, among other things, altered the drug quantity table in § 2D1.1 for crack cocaine in accordance with the Fair Sentencing Act; these changes were made retroactively applicable under § 1B1.10(c). *See* U.S.S.G. app. C., amends.

750, 759 (Supp. Nov. 1, 2011).

On December 7, 2011, Easter filed a § 3582(c)(2) motion to reduce his sentence. He argued that Amendment 750 lowered the offense level for his offense to 28 and his applicable Guidelines range to 135 to 168 months. The Probation Officer informed the parties and the District Court that Amendment 750 had no effect on Easter's offense level or Guidelines range; therefore, that he was not entitled to a sentence reduction. The District Court denied the §3582(c)(2) motion.

Easter timely appealed, and his counsel ultimately filed a motion to withdraw and supporting brief in accordance with Anders and Third Circuit Local Appellate Rule 109.2(a).

**II.**

When the defendant's counsel submits an Anders brief, this Court's inquiry is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

To fulfill the first part of the inquiry, counsel must both satisfy the court that he has thoroughly examined the record in search of appealable issues and explain why those issues are frivolous. Id. "Where the Anders brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the Anders brief itself.'" Id. at 301 (quoting United States v. Wagner, 103 F.3d 551, 553 (7th

3

Cir. 1996)).

Here, counsel's brief identifies only one potential issue: whether the District Court properly denied his motion for a sentence reduction. We review a district court's decision about whether to grant a defendant's motion to reduce sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

Easter's appeal turns on whether Amendment 750 to the Guidelines had the effect of lowering his applicable Guidelines range. If it did, a § 3582(c)(2) motion for a sentence reduction would be merited. If it did not, such a motion would have no merit, because a defendant is not eligible for a § 3582(c)(2) sentence reduction if the relevant Guidelines Amendment does not have the effect of lowering that defendant's applicable Guidelines range. *See United States v. Doe*, 564 F.3d 305, 315 (3d Cir. 2009) ("§ 3582(c)(2) creates a jurisdictional bar to sentence modification when a retroactive amendment does not have the effect of lowering the Guideline sentence.").

Amendment 750 had no effect on Easter's Guidelines range. Under the old version of the Guidelines, the District Court's finding that Easter was responsible for 343 grams of crack cocaine resulted in a base offense level of 32, corresponding to the drug quantity "[a]t least 150 G but less than 500 G of Cocaine Base" in the then-current § 2D1.1 table. U.S.S.G. § 2D1.1(c) (2008). Under the Guidelines as revised by Amendment 750, Easter's base offense level remained 32, corresponding to the drug quantity "[a]t least 280 G but less than 840 G of Cocaine Base." U.S.S.G. § 2D1.1(c)

4

(2012). Under both versions of the Guidelines, Easter's total offense level was 34 and his criminal history category IV, yielding a Guidelines range of 210 to 262 months. Accordingly, the District Court properly denied Easter's § 3582(c)(2) motion.

Easter's counsel correctly notes that, had the District Court held Easter responsible for, say, 200 grams of crack cocaine (rather than 343 grams), Amendment 750 would make a difference. But § 3582(c)(2) does not authorize Easter to challenge the District Court's finding on the quantity of drugs for which he was responsible. *See Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010) ("By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission." (internal quotation marks and alterations omitted)). Because Amendment 750 had no effect on Easter's Guidelines range, his appeal lacks merit.

### III.

We conclude that counsel has adequately shown that there are no nonfrivolous appealable issues, and our independent review of the record confirms that there are no appealable issues of merit. Accordingly, counsel's motion to withdraw as appellant's counsel of record will be granted, and the District Court's order denying Easter's § 3582(c)(2) motion to reduce his sentence will be affirmed.